# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

STANLEY RIMER, BRIAN O'KEEFE,  )    3:17-cv-00281-MMD-WGC
JOHN ROSKY, RICHARD LANCASTER, )
                               )    **REPORT & RECOMMENDATION**
    Plaintiffs,            )    **OF U.S. MAGISTRATE JUDGE**
                               )
vs.                            )
                               )
LUCINDA COUMOU, *et al.*,      )
                               )
    Defendants.            )
_____)

       This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

       Before the court are Plaintiffs' Applications to Proceed in Forma Pauperis (IFP) and *pro se* First Amended Complaint.

       Plaintiffs submitted their *pro se* complaint on May 2, 2017. (ECF Nos. 1-1 to 1-4.) A notice was entered that no IFP application or filing fee was received. (ECF No. 1.) On May 4, 2017, Plaintiffs filed a "Resubmission of IFP with Orders to Proceed [IFP], as Previously Submitted, With Request for Extension of Time to Submit New Financials if Necessary." (ECF No. 3.) This filing contained applications to proceed IFP on behalf of each of the four plaintiffs, but omitted the required completed financial certificate indicating their prison account balance, average monthly balance and average monthly deposits. (ECF No. 3 at 3-6 (Rimer), 8-11 (O'Keefe), 13-15 (Rosky), 17-19 (Lancaster).) Plaintiffs attached orders granting them IFP status in state court. (ECF No. 3 at 7 (Rimer), 12 (O'Keefe), 16 (Rosky), 20 (Lancaster).) The court issued an order advising Plaintiffs that an order granting IFP status in state court did not mean IFP status would be granted in federal court, citing the requirements

of 28 U.S.C. § 1915(a). The court gave Plaintiffs until June 14, 2017 to submit their respective financial certificates or pay the filing fee, advising them that a failure to do so would result in a recommendation for dismissal. (ECF No. 13.) That same date, an amended IFP application was filed by Lancaster. (ECF No. 10.) It did not contain the required financial certificate.

Financial certificates were filed by Rosky (ECF No. 11), O'Keefe (ECF No. 12), Rimer (ECF No. 15). Lancaster requested an extension of time to file his financial information (ECF No. 16), and he was given until July 4, 2017 (ECF No. 17). On June 20, 2017, he filed his "updated financial." (ECF No. 18.)

Plaintiffs filed a First Amended Complaint on May 25, 2017. (ECF No. 14-1 to 14-4.)

## I. IFP APPLICATIONS

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

In addition, the Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.,* 335 U.S. 331, 339 (1948).

When a prisoner seeks to proceed without prepaying the filing fee:

[I]n addition to filing the affidavit filed [as described above], [the prisoner] shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the

prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2). Notwithstanding the foregoing:

> (1) … [I]f a prisoner brings a civil action…[IFP], the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of --
> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint of notice of appeal.
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(1), (2).

Rosky's certified account statement indicates that his average monthly balance for the last six months is $142.21, and his average monthly deposits are $86.67. Rosky's application to proceed IFP should be granted. He should be required to pay an initial partial filing fee in the amount of $28.44 (20 percent of $132.21). Thereafter, whenever his prison account exceeds $10, he should be required to make monthly payments in the amount of twenty percent of the preceding month's income credited to his account until the filing fee is paid.

O'Keefe's certified account statement indicates that his average monthly balance for the last six months is $65.52, and his average monthly deposits are $58.33. O'Keefe's application to proceed IFP should be granted. He should be required to pay an initial partial filing fee in the amount of $13.10 (20 percent of $65.52). Thereafter, whenever his prison account exceeds $10, he should be required to make monthly payments in the amount of twenty percent of the preceding month's income credited to his account until the filing fee is paid.

Rimer's certified account statement indicates that his average monthly balance for the last six months is $0.01, and his average monthly deposits are $26.67. Rimer's application to proceed IFP should be granted. He should be required to pay an initial partial filing fee in the amount of $5.33 (20 percent

of $26.67). Thereafter, whenever his prison account exceeds $10, he should be required to make monthly payments in the amount of twenty percent of the preceding month's income credited to his account until the filing fee is paid.

Lancaster's certified account statement indicates that his average monthly balance for the last six months is $0, and his average monthly deposits are $0. Lancaster's application to proceed IFP should be granted. He should not be required to pay an initial partial filing fee as he has no money in his account; however, hereinafter, whenever his prison account exceeds $10, he should be required to make monthly payments in the amount of twenty percent of the preceding month's income credited to his account until the filing fee is paid.

The prison administrators should be advised that the funds should be taken from the accounts until the single $350 filing fee has been paid in full.

## **II. SCREENING**

**A. Standard**

"The court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed IFP, whether or not the plaintiff is incarcerated. *See Lopez*, 203 F.3d at 1129; *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

In addition, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or office or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

1         Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. Thus, when reviewing the adequacy of a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) or 28 U.S.C. § 1915A(b)(1), the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter,* 668 F.3d 1108, 1112 (9th Cir. 2012). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

        In reviewing the complaint under this standard, the court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

        A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice & Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

        A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiffs' First Amended Complaint**

        Plaintiffs, who are proceeding pro se, bring this action pursuant to 42 U.S.C. § 1983. (ECF No. 14-1 at 1.) Plaintiffs are incarcerated within the Nevada Department of Corrections (NDOC), and are housed at Lovelock Correctional Center (LCC). (*Id.*) They name the following defendants: Lucinda Coumou (Chief Deputy District Attorney), Steve Wolfson (Clark County District Attorney), Eighth

Judicial District Court, Clark County, Clark County Commissioners, Governor Brian Sandoval, Douglas Herndon (identified as a district court judge and board member), Deputy Chief District Attorney Christopher Lalli, Chief Deputy District Attorney Steve Owens, Eleventh Judicial District Court Judge Jim C. Shirley, Eleventh Judicial District Court, Pershing County, Nevada Attorney General Adam Laxalt, Washoe County District Judge Elliott Sattler, Chief and Deputy District Attorney Elizabeth Mercer. (ECF No. 14-1 at 2-5.) The First Amended Complaint contains three counts, and Plaintiffs seek $20 million in punitive and declaratory damages for each count, as well as injunctive relief.

Plaintiffs allege that they each brought an action in the Eleventh Judicial District Court of the State of Nevada attacking the unlawful restraint of liberty pursuant to a writ of habeas corpus under Nevada Revised Statute (NRS) 34.360[1]. (ECF No. 14-1 at 6; Rimer Petition (file stamped December 29, 2016), ECF No. 14-1 at 50, 14-2 at 1-9; O'Keefe Petition (first page of the petition submitted and file stamped December 14, 2016), ECF No. 14-2 at 12; Rosky Petition (first page of petition submitted and file stamped February 27, 2017), ECF No. 14-2 at 14-15; Lancaster Petition (first page of petition submitted and file stamped February 14, 2017). Plaintiffs assert that the Eleventh Judicial District had jurisdiction over the petitions pursuant to NRS 34.440. (*Id*.)[2] They go on to allege that Judge Shirley allowed the writs to proceed, directing the Clerk to issue summonses, granted IFP status, had service effectuated, and required responses. (*Id*.)

///

---

[1] NRS 34.360 provides: "Every person unlawfully committed, detained, confined or restrained of his or her liberty, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment or restraint."

[2] NRS 34.440 provides: "If the writ of habeas corpus be served, the person or officer to whom the same is directed shall also bring the body of the party in the person's or officer's custody or under the person's or officer's restraint, according to the command of the writ, except in the cases specified in NRS 34.450." It does not state which court has proper jurisdiction over a writ of habeas corpus.

For Rimer's petition, one of the defendants served was Clark County District Attorney Steve Wolfson, who sought legal representation by Lucinda Coumou, Deputy District Attorney in the Civil Division. (ECF No. 14-1 at 7, ECF No. 14-3 at 11 (letter from District Attorney's Office indicating it received Rimer's summons and complaint and advising that Coumou would be representing Wolfson and would respond within forty-five days.)

It is alleged that Wolfson and Coumou colluded or conspired to misrepresent facts to Eleventh Judicial District Judge Shirley to transfer the petition out of Judge Shirley's jurisdiction by way of an ex-parte communication to the Eighth Judicial District Court, using their power to influence the judge to change the character of the writ. (ECF No. 14-1 at 7.) Plaintiffs submit an April 20, 2017 letter to Judge Shirley from District Attorney Wolfson and Chief Deputy District Attorney Lucinda Coumou advising that Rimer erroneously filed his petition as a civil case in the Eleventh Judicial District Court. (ECF No. 14-3 at 14.) The letter went on to state that it appeared he was challenging his conviction, which was not appropriate in a civil matter, and asked that Judge Shirley transfer the case to the Eighth Judicial District Court, Department 3, under the original criminal case number, and then the judge who presided over the original criminal matter could order a response to the petition, if the judge was so inclined. (*Id.*) Rimer was copied on the letter. (*Id.*) The letter is followed by an email from Ms. Coumou of the same date to Judge Shirley which states: "Judge Shirley, Please see the attached letter re: this case. I have mailed a copy of the letter to Mr. Rimer. Sincerely, Lucinda L. Coumou." (ECF No. 14-3 at 15.) Judge Shirley responded to the email approximately a half-hour later stating: "Thank you. We will have it filed. Could please serve Mr. Rimer?" (*Id.*) Rimer alleges he was not attacking his conviction. (ECF No. 14-1 at 7.)

Plaintiffs submitted a similar letter from the District Attorney's Office advising Mr. O'Keefe that Coumou would be representing [Deputy District Attorneys] Christopher Lalli, Steven Owens and Elizabeth Mercer and would file a response. (ECF No. 14-3 at 12.) On April 20, 2017, Ms. Coumou wrote Judge Shirley a letter, again stating that O'Keefe erroneously filed his habeas petition as a civil case in the Eleventh Judicial District Court when it appeared he was challenging his conviction, which was not appropriately filed as a civil matter. (ECF No. 14-3 at 16.) She asked that the case be transferred to the Eighth Judicial District Court, Department 17, to be filed under the original criminal case number.

(*Id.*) O'Keefe was copied on the letter. (*Id.*) As with the Rimer letter, Ms. Coumou also sent this letter directly to Judge Shirley via e-mail. (ECF No. 14-3 at 17.) In response, Judge Shirley told Myra Ramos (of the Eleventh Judicial District Court) to file a copy of the letter and email in the matter. (*Id.*)

The Rimer and O'Keefe petitions were transferred to the Eighth Judicial District Court by Judge Shirley on April 24, 2017. (ECF No. 14-3 at 19-21 (Rimer), 22-24 (O'Keefe).) The Rimer order states that Plaintiff's petition attacks the processes of the Eighth Judicial District Court, and that transfer was proper under Nevada District Court Rule 18(1). The O'Keefe order similarly states that O'Keefe was attacking the processes of the Eighth Judicial District Court, and transfer to the Eighth Judicial District, which conducted the trial and sentencing, was proper under Nevada District Court Rule 18(1).

Plaintiffs claim that this conduct triggered the transfer of Lancaster's petition to the Second Judicial District Court on the same day. (ECF No. 14-1 at 9.) They submit an order of Judge Shirley dated April 24, 2017, transferring Lancaster's petition to the Second Judicial District Court. (ECF No. 14-3 at 27-29.) They also state that this caused Rosky to have his petition "unfiled." (ECF No. 14-1 at 9.) They have submitted an order by Judge Shirley signed March 17, 2017 (which is prior to the alleged ex parte communication and transfer of the Rimer, O'Keefe, and Lancaster petitions), transferring Rosky's petition from the Eleventh Judicial District Court to the Second Judicial District Court. (ECF No. 14-3 at 25-26.)

They contend that their rights were violated as a result of this conduct, including their rights under the First amendment, their due process rights, their right to equal protection of the laws, the Eighth Amendment and various state laws, as they were precluded from having their habeas petitions heard on the merits.

The court finds the allegations do not give rise to a violation of Plaintiffs' federal rights. They contend they were deprived of their ability to redress their grievances, to due process and equal protection, but they retained adequate remedies in state court, *i.e.,* to seek reconsideration of the state court transfer of the petition, and if unsuccessful, to proceed, when applicable, to the Nevada Court of Appeal and Supreme Court. Nor do the allegations suggest that the Defendants acted with an intent to discriminate against the Plaintiffs based upon their membership in a protected class. *See Hartmann v. Cal. Dep't of Corr.*, 707 F.3d 1114, 1123 (9th Cir. 2013). The averments similarly fail to give rise to a

claim under the Eighth Amendment, which prohibits cruel and unusual punishment.

Moreover, insofar as Plaintiffs are proceeding against state court judges for action they took in connection with the transfer and alleged conversion of Plaintiffs' state court habeas petitions, the judges are absolutely immune from suit. *See Ashelman v. Pope,* 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc); *see also* 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable).

The prosecutor defendants are similarly immune. *See e.g. Fry v. Melaragno*, 939 F.2d 832, 837 (9th Cir. 1991) ("[w]hether the government attorney is representing the plaintiff or the defendant, or is conducting a civil trial, criminal prosecution or an agency hearing, absolute immunity is 'necessary to assure that … advocates … can perform their respective functions without harassment or intimidation.'"); *Demery v. Kupperman*, 735 F.2d 1139, 1144 (9th Cir. 1984) (immunity extends to actions during pre-trial and post-trial phase of case).

Accordingly, the court recommends that Plaintiffs' action be dismissed. As amendment appears futile, the dismissal should be with prejudice.

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order:

(1) **GRANTING** Plaintiffs' IFP applications; however, Rosky should be required to pay an initial partial filing fee in the amount of $28.44; O'Keefe should be required to pay an initial partial filing fee in the amount of $13.10; and Rimer should be required to pay an initial partial filing fee in the amount of $5.33. Lancaster is not required to pay an initial partial filing fee.

Thereafter, whenever Plaintiffs' prison accounts exceed $10, they should be required to make monthly payments in the amount of twenty percent of the preceding month's income credited to their accounts until the full $350 filing fee is paid.

(2) The First Amended Complaint (ECF No. 14-1 to 14-4) should be **FILED**.

(3) The action should be **DISMISSED WITH PREJUDICE**.

/ / /

The Plaintiffs should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: July 11, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE