UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STANLEY RIMER, BRIAN O'KEEFE, JOHN ROSKY, RICHARD LANCASTER,<br><br>Plaintiffs,<br><br>v.<br><br>LUCINDA COUMOU, *et al.*,<br><br>Defendants. | Case No. 3:17-cv-00281-MMD-WGC<br><br>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WILLIAM G. COBB |

Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb (ECF No. 20) ("R&R" or "Recommendation") relating to Plaintiffs' Applications to Proceed *In Forma Pauperis* (ECF Nos. 3, 10) and *pro se* First Amended Complaint (ECF Nos. 14-1 to 14-4). Plaintiffs filed an objection thereto on September 6, 2017 ("Objection") (ECF No. 24). Plaintiffs have also filed a motion to amend their complaint (ECF No. 25); and Plaintiff Richard Allen Lancaster has filed a motion for a free copy of the proposed second amended complaint (ECF No. 27).[1]

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party

---

[1] The proposed second amended complaint ("SAC") is about 70 pages in length. Federal civil pleading *is* notice pleading. *E.g., Starr v. Baca,* 652 F.3d 1202, 1212-16 (9th Cir. 2011). The notice pleading requirements of Rule 8(a) can be violated not only "when a pleading says *too little*," but also "when a pleading says *too much*." *Knapp v. Hogan,* 738 F.3d 1106, 1109 (9th Cir. 2013), *cert. denied,* 135 S. Ct. 57 (Oct. 6, 2014); *see also McHenry v. Renne,* 84 F.3d 1172, 1179-80 (9th Cir.1996) (affirming a dismissal under Rule 8, and recognizing that "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges"). The SAC says, far, too much, and does so unncessarily.

timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). In light of Plaintiff's objection, the Court engages in a *de novo* review to determine whether to adopt Magistrate Judge Cobb's Recommendation.

The Magistrate Judge recommended that the Court grant Plaintiffs' applications to proceed *in forma pauperis*.[2] The Magistrate Judge further recommended that this case be dismissed and made the additional finding that, as amendment appears futile, the dismissal should be with prejudice. The Court agrees with the Magistrate Judge's reasoning. Plaintiffs argue that the Magistrate Judge failed to apply the proper standard by accepting their allegations as true. To the contrary, the Magistrate Judge assumed the truth of the allegations, but found that Plaintiffs fail to state a claim as a matter of law. In addition to the reasons stated in the R&R, Plaintiff cannot state a claim even considering the allegations in the SAC because they are essentially appealing to this Court the state court's decisions relating to their petitions for writ of habeas corpus. However, under the *Rooker-Feldman* doctrine, federal district courts may not exercise subject matter jurisdiction over a de facto appeal from a state court judgment. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413, 414–17 (1923); *D.C. Ct. of Appeals, et al. v. Feldman*, 460 U.S. 462, 482 (1983). State court litigants like Plaintiffs may only achieve federal review of state court judgments by filing a petition for a writ of certiorari in the Supreme Court of the United States. *Feldman*, 460 U.S. at 482. Accordingly, this Court finds good cause to adopt the Magistrate Judge's Recommendation in full.

///

///

---

[2]Plaintiff Rimer objects to the amount identified in the R&R, which was based on information provided by Rimer, because his financial statute has changed. (ECF No. 24 at 2.) Rimer referred to an updated financial statement, but did not include the particular exhibit number. Because the Court grants Rimer's application to proceed in forma pauperis based on the information he previously provided, his changed financial status is irrelevant.

1    It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 20) is accepted and adopted in its entirety.

It is further ordered that Plaintiffs' Application to Proceed *In Forma Pauperis* (ECF Nos. 3, 10) are granted; however, Rosky is required to pay the initial partial filing fee in the amount of $28.44; O'Keefe is required to pay the initial partial filing fee in the amount of $13.10; and Rimer is required to pay the initial partial filing fee in the amount of $5.33. Lancaster is not required to pay an initial partial filing fee. Thereafter, whenever Plaintiffs' prison accounts exceed $10, they will be required to make monthly payments in the amount of twenty percent of the preceding month's income credited to his account until the full $350 filing fee is paid.

It is further ordered that Plaintiffs' motion to amend (ECF No. 25) is denied.

It is further ordered that Plaintiff Richard Allen Lancaster's motion for a free copy of the proposed second amended complaint (ECF No. 26) is granted. The Clerk of Court is directed to send Plaintiff Lancaster one copy of the proposed second amend complaint along with exhibits which comprise of 535 pages.

It is further ordered that the Clerk file the Complaint (ECF No. 14-1 to 14-4).

It is ordered that this action is dismissed with prejudice.

The Clerk is instructed to enter judgment and close this case.

DATED THIS 23rd day of October 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE